FRANK GOUGHNOUR, Respondent, v. E. H. BRANT, as County Auditor of Emmons County, North Dakota, Appellant.

(182 N. W. 309.)

**Officers — constitutional amendment for recall held inapplicable to county commissioners.**

Article 33 Amendments, North Dakota Constitution (Laws 1919, chap. 93; Laws 1921, chap. —), providing for the recall of certain elective officers, does not apply to county commissioners.

Opinion filed March 17, 1921.

Appeal from the District Court of Emmons County, *McKenna,* J.

Defendant appeals from an order granting a temporary injunction. Affirmed.

*Lynn & Lynn*, for appellant.

Constitutional provisions which have been adopted by a vote of the electors of the state shall be construed to give effect to the intent of the electors who adopted the provision. 12 C. J. 700, § 43.

The state Constitution designates a county commissioner a county officer. Const. § 172.

By legislative enactment a county commissioner is designated a county officer. Code, § 3257.

The word "district" as used in the provision, considered in connection with the recall of a county commissioner, a county officer, does not give rise to any uncertainty as to what was intended. 12 C. J. 704 and cases cited in footnote 2; Cox v. Robinson, 105 Tex. 426; State v. McGaugh, 118 Ala. 159.

*Cameron & Wallam*, for respondent.

A taxpayer has sufficient interest in an election and in the expense thereof to bring an action testing the legality of the same. State ex rel. Linde v. Hall.

Where the plaintiff has a peculiar interest in the outcome of the action as being an incumbent in office attacked or a candidate for the office, it is not necessary to join the state as a party. Chandler v. Starling, 19 N. D. 144.

The provisions of a constitutional amendment which has for its object the setting aside of the will of the people are mandatory, and its language must be strictly construed. Baker v. Hanna, 31 N. D. 570.

Where peculiar classes are mentioned, general words are limited to those particular classes. Ex parte King (Ark.) 217 S. W. 465.

CHRISTIANSON, J. The plaintiff is one of the county commissioners of Emmons county. The defendant is the county auditor of Emmons county. It appears that certain petitions were filed with the defendant, asking for the recall of the plaintiff; and that pursuant thereto the defendant proceeded to call an election for the purpose of submitting to the voters of the county commissioner district from which plaintiff was elected the question whether plaintiff shall be recalled. The plaintiff

brought this action to enjoin the defendant from proceeding with such recall election. The trial court granted a temporary injunction during the pendency of the action, and the defendant has appealed from such order.

The plaintiff contends, and his cause of action is predicated upon the propositions:

1. That a county·commissioner is not subject to recall under the amendment to the state Constitution providing for the recall of certain elective officers.

2. That in any event the petitions filed with the defendant asking for a recall of the plaintiff were not signed by a sufficient number of petitioners.

These propositions, and these alone, were presented to this court. No question was raised as to the validity of the constitutional amendment providing for the recall; but it is assumed, and the action of both parties is predicated upon the theory, that the amendment was duly adopted and is a part of the Constitution of this state. The constitutional provision involved in this controversy reads: "The qualified electors of the state or of any county, or of any congressional, judicial, or legislative district, may petition for the recall of any elective congressional, state, county, judicial, or legislative officer by filing a petition with the officer with whom the petition for nomination to such office in the primary election is filed, demanding the recall of such officer. Such petition shall be signed by at least 30 per cent of the qualified electors who voted at the preceding election for the office of governor in the state, county, or district from which such officer is to be recalled. The officer with whom such petition is filed shall call a special election to be held not less than forty or more than forty-five days from the filing of such petition.

The officer against whom such petition has been filed shall continue to perform the₁duties of his office until the result of such special election shall have been officially declared. Other candidates for such office may be nominated in the manner as is provided by law in primary. elections. The candidate who shall receive the highest number of votes shall be deemed elected for the remainder of the term. The name of the candidate against whom the recall petition is filed shall go on the ticket unless he resigns within ten days after the filing of the petition. After

one such petition and special election, no further recall petition shall be filed against the same officer during the term for which he was elected. This article shall be self-executing, and all of its provisions shall be treated as mandatory. Laws may be enacted to facilitate its operation, but no law shall be enacted to hamper, restrict, or impair the right of recall." This provision was proposed as an amendment to the Constitution by the legislative assembly in 1919. See chap. 93, Laws 1919. No laws have been enacted to facilitate its operation; and there is concededly no other provision of law, either constitutional or statutory, relating to the recall of state, county, legislative, and judicial officers. If a county commissioner is subject to recall it is by virtue of this provision, and this provision alone.

Does the provision under consideration provide—was it intended to provide—for the recall of a county commissioner? That is the first, and in our opinion the determinative, question here.

The object of all interpretation and construction of laws is to ascertain and give effect to the intention of the lawmakers. Applied to a Constitution, the object of construction is to ascertain and give effect to the meaning and intention of the framers, and of the people in adopting it. Such meaning and intention must be sought first of all in the language of the Constitution itself. 12 C. J. 703. For it must be presumed that the language used to express the will of those who gave the provision life and force is adequate for the purpose, and does express that will correctly. If the language is plain and free from ambiguity, and expresses a single, definite, and sensible meaning, that meaning is conclusively presumed to be the meaning intended to be conveyed. If the language is ambiguous, or lacks precision, or is fairly susceptible of two or more interpretations, the intended meaning must be sought by aid of all pertinent and admissible considerations. But here, as before, the object of the search is the meaning and intention of those who framed and those who adopted the provision, and the court is not at liberty, merely because it has a choice between two constructions, to substitute for the will of the lawmakers its own ideas as to the justice, expediency, or policy of the law. Black, Interpretation of Laws, pp. 35, 36.

It is the duty of the court to have recourse to the whole Constitution, if necessary, to ascertain the true intent and meaning of any particular

provision. All provisions bearing upon a particular subject should be brought into view, the fundamental aim and object kept in mind; and the interpretation should be such as to effectuate the fundamental aim and object. 6 R. C. L. pp. 47–49.

The primary purpose of the constitutional amendment under consideration was doubtless to make it possible to recall, in the manner therein provided, those officers who under the then existing constitutional provisions might not be so recalled. Prior to the adoption of the amendment "the governor and other state judicial officers, except county judges, justices of the peace, and police magistrates," were liable to impeachment, and might be removed from office by impeachment, and in this manner only. N. D. Const. § 196. "All officers not liable to impeachment" were "subject to removal for misconduct, malfeasance, crime or misdemeanor in office, or for habitual drunkenness or gross incompetency in such manner as may be provided by law." N. D. Const. § 197.

Certain county offices such as superintendent of schools, county judge, clerk of district court, register of deeds, county auditor, treasurer, sheriff, and state's attorney were embedded in the Constitution, and the terms of office and mode of selection of the officers specifically prescribed by the Constitution. N. D. Const. §§ 150, 173. See also Ex parte Corliss, 16 N. D. 470, 114 N. W. 962. It is different, however, with respect to county commissioners. While the Constitution provides that "until the system of county government by the chairmen of the several township boards is adopted by any county, the fiscal affairs of said county shall be transacted by a board of county commissioners," it also provides that the terms of office of such county commissioners shall be prescribed by law. N. D. Const. § 172. And the Constitution does not, in terms, provide that county commissioners shall be elected. See O'Laughlin v. Carlson, 30 N. D. 213, 219, 220, 152 N. W. 675. The county commissioners are elected from certain districts. The plaintiff is commissioner from the first county commissioner district in Emmons county, and was chosen by the voters of that district alone. The voters of Emmons county residing in the other four districts had no voice in his election, and will be given no voice in the proposed recall election, although as taxpayers of the county they will be required to defray the cost of the election.

Bearing these facts in mind, we approach the question presented for determination in this case.

The material part of the provision involved in this controversy is embodied in the first two sentences therein, which read: "The qualified electors of the state or of any county, or of any congressional, judicial, or legislative district, may petition for the recall of any elective congressional, state, county, judicial or legislative officer by filing a petition with the officer with whom the petition for nomination to such office in the primary election is filed, demanding the recall of such officer. Such petition shall be signed by at least 30 per cent of the qualified electors who voted at the preceding election for the office of governor in the state, county, or district from which such officer is to be recalled." Laws 1919, p. 111. The word "district" as used in the first sentence is definitely restricted, by the qualifying words therein, to a congressional, judicial, or legislative district. By well-settled rules of construction the word must be assumed to have been used in the following sentence in the same sense in which it was used in the first. By no means of construction can it be said that the word "district" as used in the provision was intended to include a county commissioner "district." There is nothing to indicate that the framers of the provision had a county commissioner in mind at all. If they had they would doubtless have manifested their intention that county commissioners should be subject to recall in clear terms. So far as a county officer is concerned, the plain language is that a petition for recall "shall be signed by at least 30 per cent of the qualified electors who voted at the preceding election for the office of governor in the . . . county . . . from which such officer is to be recalled." Except as applied to a legislative officer, no provision is made for the filing of a recall petition based upon anything less than the electorate of the entire county; nothing is said about a recall petition being filed by the electors of, or a recall election being held, in a portion of a county. Was it the intention to permit the electors of the entire county to petition for the recall of anyone of the county commissioners? If so, a county commissioner might be recalled even though not a single elector in his district signed the petition. Was it the intention to permit the electors of the entire county to vote at the recall election? If so may they also vote for the commissioner to be chosen at such election? These questions suggest

themselves if the provision is held applicable to county commissioners. We, of course, have no right to resort to guess or conjecture as to what those who framed and those who adopted the provision under consideration might have provided if they had contemplated the recall of county commissioners. The question before us is whether they intended that the provision should apply to county commissioners. In our opinion the situation presented in this case is such that we cannot say that the provision was intended to and does apply to county commissioners; but that in so far as so-called county officers are concerned, it was intended to and does apply only to officers chosen by the electorate of the county as a whole. That is, it contemplates a petition based upon the electorate of the entire county, and one which may be signed by any elector in the county having the prescribed qualification; and it contemplates an election throughout the entire county, and not throughout some portion thereof.

It follows from what has been said that the ruling of the trial court was correct. The order appealed from is affirmed.

ROBINSON, Ch. J., and BIRDZELL and BRONSON, JJ., concur.

GRACE, J. I concur in the result.